```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CARINA MARIA ALVAREZ RODRIGUEZ and ANA                           :
PEGUERO DE NOBOA,                                                :
                                                                 :
                                        Plaintiffs,              :        23-cv-4246 (LJL)
                                                                 :
                        -v-                                      :     MEMORANDUM AND
                                                                 :          ORDER
XTRA, LLC and EDWIN MONEGRO ORTIZ,                               :
                                                                 :
                                        Defendants.              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/05/2023

LEWIS J. LIMAN, United States District Judge:

This case was removed to this Court from the New York State Supreme Court, Bronx County, on May 22, 2023, pursuant to 28 U.S.C. §§ 1441 and 1446. Dkt. No. 1. The Complaint alleges that Plaintiffs Carina Maria Alvarez Rodriguez and Ana Peguero de Noboa ("Plaintiffs") were seriously injured when an automobile driven by them was hit by a vehicle driven by Defendant Edwin Monegro Ortiz ("Ortiz"). Dkt. No. 1-1 ¶¶ 7, 9. The Complaint alleges that the vehicle driven by Ortiz was owned by Defendant Xtra, LLC ("Xtra"). *Id.* ¶ 5. The notice of removal properly invokes diversity jurisdiction under 28 U.S.C. § 1332. Dkt. No. 1 ¶ 7. Plaintiffs are residents and citizens of the State of New York. Dkt. No. 1-1 ¶ 1. Ortiz is alleged to have been a citizen of Pennsylvania and Xtra is alleged to have been a limited liability company whose sole member is a corporation incorporated in the State of Delaware with a principal place of business in the State of Missouri. Dkt. No. 1 ¶¶ 10–11. The amount in controversy exceeds $75,000. The notice of removal was filed by Ortiz. It reflects that Xtra has consented to the removal. *Id.* ¶ 21. However, it does not contain a signature line for Xtra or contain a written consent signed by Xtra or any agent of Xtra.

The Court held an initial pretrial conference in this matter on August 22, 2023. At that conference, the Court *sua sponte* raised the question whether the notice of removal was procedurally defective for its failure to include a written consent from all defendants who had been served unambiguously agreeing to removal. *See Gallagher v. Boehringer Ingelheim Pharms., Inc.*, 2023 WL 402191, at *7 (S.D.N.Y. Jan. 25, 2023) (holding that it is insufficient for the defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal). At the conference, no party objected to the removal; Plaintiffs' counsel expressed her desire to keep the case in federal court. The Court asked counsel for Ortiz to brief whether he had satisfied the procedural requirements for removal and, if not, what the appropriate disposition of the case should be.

Defendant Ortiz has submitted a letter responding to the Court's inquiry. Dkt. No. 11. Counsel forthrightly acknowledges that "the Notice of Removal did not – in the strictest technical terms – meet the requirements to demonstrating that Xtra consented to removal." *Id.* at 2. Xtra was served before Ortiz and the notice of removal did not contain a separate Certificate of Concurrence indicating Xtra's consent. *Id.* Ortiz nonetheless urges the Court to retain jurisdiction. Diversity jurisdiction was properly invoked. Moreover, all parties now acknowledge that Xtra was improperly named and will be dismissed from the case because it merely owned the vehicle driven by Ortiz but Ortiz did not work for Xtra; he worked for another diverse party – J.B. Hunt Transport, Inc., who will be added to this case. *Id.* at 1, 3. Oritz argues that remand would be a pointless exercise. *Id.* at 3. If the case goes back to state court, Plaintiffs will simply file an amended complaint or stipulate to the addition of J.B. Hunt Transport, Inc., and Ortiz will remove the case again. *Id.*

The Court will retain jurisdiction. The violation of the rule of unanimity by failure to include the written consent of Xtra is a procedural defect. *See McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998), *abrogated by Kaiser v. Johnson & Johnson*, 947 F.3d 996 (7th Cir. 2020); *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998); *Gibson v. Dolliver*, 2019 WL 1455172, at *4 (D. Conn. Apr. 2, 2019) ("[C]ourts in this Circuit have held that failure to comply with the rule of unanimity is a procedural, rather than a jurisdictional, defect."), *cited with approval in Taylor v. Medtronic, Inc.*, 15 F. 4th 148, 151 n.2 (2d Cir. 2021); 16 Moore's Federal Practice, § 107.151[1][c] at 107-473 (3d ed. 2023) ("[A]s a general rule, the failure of all the defendants to join in the removal notice constitutes a procedural defect." (citations omitted)). It does not defeat the Court's subject matter jurisdiction. *See Taylor*, 15 F. 4th at 151 n.2.[1] Section 1447(c) of Title 28 provides that "[a] motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). It further provides that "the case shall be remanded" if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. *Id.* The opportunity to object to a defect in the removal procedure is waived absent an objection within 30 days. *See Roe v. O'Donohue*, 38 F.3d 298, 301–02 (7th Cir. 1994) ("Just as defendants who want to remove need to act promptly and obtain support from other parties, so plaintiffs who want to remand need to act promptly."), *abrogated by Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999); 16 Moore's Federal Practice, § 107.151[1][c] at 107-145 (3d ed. 2023). The Court does not have the authority – even if it wished to exercise it

---

[1] In *Taylor*, the Second Circuit held that the district court erred in denying a motion to remand based on the later-expressed consent of a properly served defendant to removal. 15 F. 4th at 149. A key point of *Taylor*, as expressed in footnote 2 and the cases cited therein, was that the error in the removal procedure was not jurisdictional and therefore could be waived. *Id.* at 151 n.2.

3

– to remand the matter *sua sponte*.  See *Fax Telecommunicaciones Inc. v. AT&T*, 138 F.3d 479, 487–88 (2d Cir. 1998) ("[W]hen a party fails to object to an improper removal, 'the court will not, of its own motion, inquire' into the propriety of removal." (quoting *Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176 (1913))); *Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009) ("The defect in the removal process resulting from a failure of unanimity is not considered to be a jurisdictional defect, and unless a party moves to remand based on this defect, the defect is waived and the action may proceed in federal court."), *cited with approval in Taylor*, 15 F. 4th at 151 n.2; 16 Moore's Federal Practice, § 107.151[1][a][ii] at 107-466 (3d ed. 2023) ("Most courts now correctly hold that a district court may not remand a removed case on its own motion based on defects in the removal procedure.").  Accordingly, notwithstanding the procedural defect in the notice of removal, this case is properly in federal court and will not be remanded to state court.

       SO ORDERED.

Dated: September 5, 2023  
       New York, New York

                                           LEWIS J. LIMAN  
                                          United States District Judge